**6:24-cv-00513**

**FILED**
October 03, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CV_____
     DEPUTY

OCT. 1, 2024

My name is Mark Hamilton and I am an inmate at Bell County Jail in Belton, TX where I have been incarcerated for the last 7 months So #127904 awaiting disposition of my case (cause #24DCR89262). Like so many others in Bell County and throughout the State of Texas I have been fighting for my freedom all alone with nothing more at my disposal than a search bar on the "law library" which can only be accessed for a few limited hours each day. Without the "Law Library" I would have no hope at all and I never would have been able to contact you.

On February 12, 2024 I was arrested for the crime of murder in Killeen, TX and was transported to the Killeen Police Department. I was booked and subsequently magistrated by a local judge who appraised me of the charge against me and set my bond at $1,000,000 despite me informing him that I was indigent and wouldn't be able to pay such a large sum. Furthermore during the magistration process I was left to face my accusers behind closed doors, wholly defenseless without legal counsel to examine the validity of the States probable cause for arrest nor to advocate on my behalf for a reduction in bond. I have since presented a Pro Se motion for bond reduction with no response from the State. Also my family was not allowed to be present to show their

[1]

support. I was truly outgunned, all alone and still to this day my rights are being violated. Feeling as though I had been "put together" and "sent upriver" I began researching magistration in the State of Texas and discovered 3 very important cases that addressed the very issues that were causing me so much concern.

In Order: [Rothgery v. Gillespie County 554 U.S. 191. 212 p. 16. 128 S.C.T 2578 371 L.E.D. 2d 366 (2008)]

In 2008, the Supreme Court determined that Walter Rothgery was illegally held by authorities in Gillespie County after a central database erroniously identified Rothgery as a felon. He was arrested for unlawful possession of firearm by a felon. The Supreme Court held that had he had counsel made available to him at the time that he was magistrated to examine the States probable cause for arrest he never would have been formally charged. Much less held in detention awaiting trial (as would have been the case -- at the time -- in 43 out of 50 States) For this reason the Supreme Court ruled that in Texas, magistration represents the "point of attachment" for the Sixth Amendment right to counsel. Despite this ruling the State of Texas has stubbornly refused to alter their processes and procedures.

Thus leading to: [Booth v. Galveston County. 1:23 CV-910-RP (W.D. TEX Feb. 05, 2019)]

[2]

In this case (primarily concerned with what the Fifth Circuit U.S. court referred to as Galveston County's "Wealth based detention system" stated in part." The importance of providing counsel at an initial detention hearing is underscored by empirical research which indicates that the case outcomes for pretrial detainees are much worse than for those who are released pending trial.

Importantly" Citing the Supreme Court opinion in Rothgery: District Judges claim there is no Sixth Amendment right to counsel at magistration. The Supreme Court disagrees"

Despite those rulings supposedly representing "The law of the Land" Bell County continues to operate in flagrant violation of this law. It's been five years since the Booth decision and nearly twenty years since the decision in Rothgery.

Surely sixteen years should have been plenty of time for Bell County to get their affairs in order. Which brings me to the third case I would like to address and the reason today I seek to appeal to you directly.

[Tex Tribune v. Coldwell County. 1:23-CV-910-RP (W.D. Tex FEB. 05, 2024)]

[3]

"In Texas the right [to counsel] specifically attaches when an accused is brought before magistrate as required by state law for a hearing at which a probable cause determination is made, bail is set and the defendant is formally apprised of the accusation against him. The Supreme Court and the Fifth Circuit have attached constitutional rights to bail hearings. As I read this -- and I don't see how it could be waived or read any other way -- The Judge in his decision regarding your case against the authorities in Coldwell County has stated the arguments that I am attempting to make my own. Taken one step further, your argument that denying the public access to these magistration proceedings jeopardizes public accountability of our criminal justice system and denies the First Amendment rights of organizations such as your own echoes my concerns and those of my family members who have been denied access to similar proceedings when they sought to be present to provide moral support to myself in times of trouble. And for this reason I have written you today to seek any and all advice and support that you might have in stating my case appropriately and shedding the brightest light possible on this ongoing criminal enterprise being continuously operated under the guise of the criminal justice system in Bell County, Coldwell County and so many other counties throughout the "Great State of Texas".

[4]

Please reach out and contact me directly through my listing on smartcommunications.com (Mark Anthony Hamilton SO# 127904) or at my Bell County Jail address which is: Mark A. Hamilton SO# 127904
113 W. Central Ave.
Belton, TX. 76513

That way we can discuss this matter directly and in greater detail. I'm here to help with any questions you may have.

My Warmest Regards

Mark A. Hamilton

[5]

Bell County Law Enforcement Center
113 West Central
Belton, Texas 76513
Name: MARK ANTHONY HAMILTON #127904
Housing Unit: A2A6

US POSTAGE IMI PITNEY BOWES
ZIP 76513 $ 000.69⁰
02 4W
0000390608 OCT 01 2024

RECEIVED
OCT 03 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

Attn: U.S. District Clerk's Office
800 Frankin Ave, Room 380
Waco, Tx 76701